**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAPITAL FINANCE, LLC; and CAPITAL FUNDING, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>22 MAPLE STREET, LLC; 25 ORIOL DRIVE, LLC; 59 COOLIDGE ROAD, LLC; 20 KINMONTH ROAD, LLC; WABAN HEALTH CENTER, LLC; MERRIMACK VALLEY HEALTH CENTER, LLC; WATERTOWN HEALTH CENTER, LLC; and WORCESTER HEALTH CENTER, LLC,<br><br>        Defendants. | C.A. No. 1:18-cv-10172-RWZ |

**DEFENDANTS' WABAN HEALTH CENTER, LLC, MERRIMACK VALLEY HEALTH CENTER, LLC, WATERTOWN HEALTH CENTER, LLC, AND WORCESTER HEALTH CENTER, LLC'S ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT AND REQUEST FOR APPOINTMENT OF RECEIVER**

Defendants, Waban Health Center, LLC, Merrimack Valley Health Center, LLC, Watertown Health Center, LLC, and Worcester Health Center, LLC (collectively, the "Defendants")[1], respond to each and every allegation of Plaintiffs Capital Finance, LLC and Capital Funding, LLC's ("Plaintiffs") Verified Complaint and Request for Appointment of Receiver (the "Complaint"), as follows:

**NATURE OF THE CASE**

1. Plaintiffs' Complaint includes an introduction that summarizes allegations and asserts legal conclusions and requests for relief that do not require a response. To the extent that a response is required, Defendants deny all claims and relief requested.

---

[1] Defendants note that this case has been stayed against 22 Maple Street, LLC, 25 Oriol Drive, LLC, 59 Coolidge Road, LLC, and 20 Kinmonth Road, LLC pursuant to the previously-filed Suggestions of Bankruptcy.

2. The pleadings and orders filed in the receivership action captioned *Oxford Finance LLC v. 90 West Street LLC and Woodbriar Health Center LLC*, Case No. 1781CV03295 (the "Woodbriar Receivership"), speak for themselves. Defendants deny any relevance or materiality of the Woondbriar Receivership to the pending action.

## PARTIES

3. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Complaint regarding Capital Finance, LLC's corporate structure. All remaining allegations are admitted.

4. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Complaint regarding Capital Funding, LLC's corporate structure. All remaining allegations are admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied.

## JURISDICTION AND VENUE

14. Paragraph 14 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the United States District Court for

the District of Massachusetts has jurisdiction to hear this case following the timely removal of this action and under diversity of citizenship.

15. Paragraph 15 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit that there is personal jurisdiction over Defendants.

16. Paragraph 16 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent that a response is required, this allegation is moot now that the case has been removed to federal court.

17. Paragraph 17 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent that a response is required, admitted.

## FACTUAL BACKGROUND

**A. The Mortgage Loan**

18. The Loan Agreement dated March 4, 2014, the First Amendment to the Credit Security Agreement dated June 30, 2014 and the Second Amendment to the Loan Agreement dated July 21, 2014 speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

19. Admitted.

20. Admitted.

21. Paragraph 21 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Mortgage Loan Agreement speaks for itself. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

22. The mortgage and security agreements and the financing statements referred to in Paragraph 22 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

23. The Guaranty Agreement dated March 4, 2014 referred to in Paragraph 23 of Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes the terms of this written instrument, Defendants deny any mischaracterization.

**B.     The AR Loan.**

24. Admitted.

25. The Credit and Security Agreement dated March 28, 2014 and the First Amendment to the Credit and Security Agreement dated July 22, 2014 speak for themselves. To the extent this paragraph characterizes the terms of the written instruments, Defendants deny any mischaracterization.

26. The Credit and Security Agreement and the First Amendment to the Credit and Security Agreement and the terms therein speak for themselves. To the extent this paragraph characterizes the terms of the written instruments, Defendants deny any mischaracterization.

27. Paragraph 27 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, the financing statements referred to in Paragraph 27 of Plaintiffs' Complaint speak for themselves.

28. The Guaranty Agreements dated March 28, 2014 referred to in Paragraph 28 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

29. The Billing and Human Resources Consulting Agreement referred to in Paragraph 29 of Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes the terms

of this agreement, Defendants deny any mischaracterization. Further answering, Defendants deny that Synergy Health Centers, LLC is involved with the management and operation of the four nursing home facilities.

**C.     Lien Priority.**

30.     The Intercreditor Agreement dated March 28, 2014 referred to in Paragraph 30 of Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes the terms of this agreement, Defendants deny any mischaracterization.

31.     Paragraph 31 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent a response is required, record chain of title to the Defendants' properties demonstrates priority.

**D.     The First Forbearance Agreements.**

32.     Denied.

33.     The Forebearance Agreement dated February 12, 2016 referred to in Paragraph 33 of the Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes the terms of this written instrument, Defendants deny any mischaracterization.

34.     The Forebearance Agreement dated February 12, 2016 referred to in Paragraph 34 of the Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes the terms of this written instrument, Defendants deny any mischaracterization.

35.     The Forebearance Agreements referred to in Paragraph 35 of the Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

36.     Denied.

**E.     The Second Forebearance Agreements.**

37. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint regarding Plaintiffs' alleged discoveries.

38. Denied.

39. The forebearance agreements referred to in Paragraph 39 of the Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

40. The forebearance agreements referred to in Paragraph 40 of the Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

41. The forebearance agreements referred to in Paragraph 41 of the Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

42. Denied.

43. The letters dated September 20, 2017, November 3, 2017 and November 20, 2017 referred to in Paragraph 43 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes these letters or the statements therein, Defendants deny any mischaracterization.

44. The letters dated September 20, 2017, November 3, 2017 and November 21, 2017 referred to in Paragraph 44 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes these letters or the statements therein, Defendants deny any mischaracterization.

301397043v1 1005786

**F.      Amounts Due and Owing to Agents**

45.     The letter dated December 1, 2017 referred to in Paragraph 45 of Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes this letter or the statements therein, Defendants deny any mischaracterization. Defendants admit that the mortgage loan has not yet been paid in full.

46.     Defendants admit that certain sums are due and payable under the mortgage loan agreement. Defendants are without knowledge or information sufficient to respond to Plaintiffs' allegation regarding the amount due, interest charges, late fees, other charges, expenses, costs and fees and therefore deny the same.

47.     Defendants lack sufficient knowledge or information to admit or deny all allegations contained in Paragraph 47 of Plaintiffs' Complaint and therefore deny the same.

48.     The agreement executed on January 5, 2018 referred to in Paragraph 48 of Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes this agreement or the terms therein, Defendants deny any mischaracterization.

49.     Defendants are without knowledge or information sufficient to respond to all of Plaintiffs' allegations and therefore deny the same.

**G.      Threats to Defendants' Operations.**

50.     Denied.

51.     The letters dated October 20, 2017 and November 7, 2017 referred to in Paragraph 51 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes these letters or the statements therein, Defendants deny any mischaracterization. Defendants deny the remaining allegations of Paragraph 51 of Plaintiffs' Complaint.

301397043v1 1005786

52. The lawsuits referred to in Paragraph 52 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes these proceedings or the relief sought therein, Defendants deny any mischaracterization.

53. The letter from the Commonwealth of Massachusetts Executive Office of Health and Human Services dated September 18, 2017 referred to in Paragraph 53 of Plaintiffs' Complaint speaks for itself. To the extent this paragraph characterizes this letter or the statements therein, Defendants deny any mischaracterization. Defendants deny the remaining allegations of Paragraph 53 concerning the amount of bed taxes due and owing.

54. Denied.

55. Denied.

**H.     Appointment of Receiver.**

56. The mortgage loan agreements referred to in Paragraph 56 of the Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes these written instruments, Defendants deny any mischaracterization.

57. Denied.

### COUNT I – BREACH OF CONTRACT (MORTGAGE LOAN)

58. Defendants incorporate by reference their responses to Paragraphs 1 through 57 of Plaintiffs' Complaint.

59. The notes and loan documents referred to in Paragraph 59 of Plaintiffs' Complaint speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

60. Denied.

61. Denied.

## COUNT II – BREACH OF CONTRACT (AR LOAN)

62. Defendants incorporate by reference their responses to Paragraphs 1 through 61 of Plaintiffs' Complaint.

63. The loan and security documents referred to in Paragraph 63 speak for themselves. To the extent this paragraph characterizes the terms of these written instruments, Defendants deny any mischaracterization.

64. Denied.

## COUNT III – APPOINTMENT OF RECEIVER

65. Defendants incorporate by reference their responses to Paragraphs 1 through 64 of Plaintiffs' Complaint.

66. This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

67. This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

68. This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

69. This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

301397043v1 1005786

70.  This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

71.  This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

72.  This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

73.  This allegation is moot due to the fact that the Court has already appointed a receiver and requires no response. To the extent a response is required or permitted, Defendants deny the need or justification for a court appointed receiver.

## RESPONSE TO PLAINTIFFS' REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief requested in Paragraphs (a) through (e) of Plaintiffs' Request for Relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the appointment of a Receiver is not necessary and not within the best interests of the nursing home facilities, their residents, and the properties.

## SECOND AFFIRMATIVE DEFENSE

Defendants reserve their right to assert any and all additional and non-waivable affirmative defenses.

301397043v1 1005786

Respectfully submitted,

WABAN HEALTH CENTER, LLC;
MERRIMACK VALLEY HEALTH
CENTER, LLC; WATERTOWN HEALTH
CENTER, LLC; and WORCESTER HEALTH
CENTER, LLC,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, BBO #665755
Ethan Z. Tieger, BBO #691219
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
617-213-7000
617-213-7001 (facsimile)
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: April 6, 2018

**CERTIFICATE OF SERVICE**

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on April 6, 2018.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha